## BAKER v. KERR.

1. SERVICE OF NOTICE. A defendant cannot after he has by his own act, or the act of his attorney, recognized the validity of a service of notice upon his agent, object to the jurisdiction of the Court.

2. REVISION CONSTRUED: OPINIONS OF THE SUPREME COURT. The Revision of 1860, §§ 2636, 3546 and 3550, construed and explained.

*Appeal from Fayette District Court.*

SATURDAY, JUNE 14.

THE facts are sufficiently stated in the opinion of the court.

*Wm. McClintock* for the appellant.

*Thos. Berkey* for the appellee.

WRIGHT, J. — This cause was affirmed at the December Term, 1861. Since then a petition for re-hearing has been filed, which we proceed to examine.

Defendant prosecuted his writ of error to reverse a judgment against him, rendered by a justice of the peace. The service of the original notice was upon a person styled "the agent" of the defendant. One Iliff, "as an agent and

attorney," appeared before the justice and made a showing
that he had been employed by this "agent," thus served,
to defend the action, and asked to be allowed to do so.
Plaintiff objected, was sustained, and thereupon there was a
judgment by default. In the District Court, on hearing the
writ of error, the cause was reversed, and an order made
remanding the cause for trial, after giving five days' notice
to the defendant's attorney.

It is now objected that the justice had no jurisdiction;
that the court erred therefore in remanding the case; that
it.should have been dismissed. We are very clear that this
position is untenable. Defendant had, by his own act, or.
by the act of one whom he admits was his attorney, recog-.
nized the validity of the service upon him through his
agent. And such service is good, under some circum-.
stances. (§§ 2827, 3864.) There is no question but that the
justice had jurisdiction over the subject-matter. And it
was therefore perfectly competent, under § 2355, to remand,
the case for new trial, prescribing the notice to bring the
parties again before the justice.

As to the objection that a notice to the attorney would
not be sufficient, we say that it will be time enough to
determine that when the question legitimately arises. The
plaintiff may serve the defendant himself with notice, not-
withstanding this direction of the court. Or it may be
that no question as to the sufficiency of the service will be
raised. This order is merely directory, and until the party
has sustained some injury from it, we are not disposed to
pass upon it as an abstract proposition.

Appellant's counsel in his petition, suggests that no
written opinion was filed when the case was formerly de-
cided, that such opinion was necessary before the case could.
be determined, and that the statutory requirements upon,
this subject should be complied with. And these sugges-
tions demand, perhaps, at our hands a passing notice.

VOL. XIII. 49

We are fully aware of the demands of the statute. These are, that the opinions of the court on all questions reviewed on appeal, shall be reduced to writing, and filed with the clerk (§ 2636), that the court must decide on each error assigned (§ 3546), and that no case is decided until the opinion in writing is filed with the clerk (§ 3550). And we are fully as conscious of the difficulty, if not impossibility, of literally complying with all these requirements, consistently with the due and speedy administration of justice, the proper and careful determination of all the causes submitted in this court. And, therefore, in view of the great press of business, in our anxiety to pass upon and adjudicate the causes submitted with as little delay as possible, we have felt at liberty, and indeed that it was our duty, to announce that a case was affirmed, without filing a written opinion, when it was unimportant, involved no new question, and when an opinion would be but repetition and tend to unnecessarily encumber our published reports. And while it is doubtless more satisfactory to counsel, to know, in each case, the grounds upon which a decision is based, it would hardly seem just or reasonable, nor to comport with the theory of our judicial system, that this wish should be gratified, if, as a consequence, we are compelled to hastily consider and determine the heavier and more important questions submitted. Very many cases are brought before us, involving no semblance of error, where, nevertheless, the errors assigned are numerous and oft-repeated (and as often decided previously), where to undertake to pass upon each in a written opinion would require as much time as to determine questions before undecided, of the greatest magnitude. And yet, by the literal reading of the law, this is our duty — a duty, however, which we have never supposed was demanded of us by the policy of the state, by the interests of parties litigant, or the candid and enlightened judgment of the bar.

Baker v. Kerr.

And the correctness of this view, and of this professional judgment, finds full support when we remember that we are asked to examine and determine about five hundred cases annually, that, under our new system of practice, questions are constantly arising, requiring early settlement, in which written opinions are absolutely necessary, and that our published reports are accumulating, as in other states, almost, if not quite, beyond the public and professional demand.

The Constitution of Indiana requires that the supreme court shall give a written opinion upon every point arising in the record of every case. PERKINS, J., in *Willets* v. *Ridgway*, 9 Ind., 367, in commenting upon this provision, uses language, the substance of which we feel free to adopt in this instance. "If literally followed," says the judge, "it tends to fill our reports with repetitions of decisions upon settled as well as frivolous points, and often to introduce into them, in the great press of business, premature and not well considered opinions, upon points only slightly argued; yet it is a provision not to be disregarded, though merely directory, like that requiring the legislature to use good English. But though this provision is not to be disregarded, it is to be observed according to some construction, and should receive such a one as to obviate its inconvenience and objectionable character, as far as consistently can be done.

" It often happens that a point is raised, involving an important principle, but of minor consequence in its bearing upon the particular case, while it presents the material question in some other pending cause. Now, to decide it in the case where, from its subordinate position, it is but carelessly argued, by one side or the other, if at all, and hence, perhaps, but hastily considered by the court, is unjust to counsel whose subsequently pending cause is thus prejudged, without their being heard, and upon an argu-

The State of Iowa ex rel. v. The County of Wapello.

ment on which they would be unwilling to rest it. It is this class of decisions which form the bane of judicial reports.

"These and other considerations have led the court to inquire, when does a question, in the sense of the Constitution, arise in the record?

"We do not think it does so merely because it is raised by counsel, nor because it is presented by the assignment of errors. Nor, necessarily, because it is raised by a bill of exceptions. It must be a question the decision of which is necessary to the final determination of the cause, and which the record presents with a fullness and distinctness rendering it possible for the court to comprehend it in all its bearings."

With the spirit of these views, as well as the provisions of our statute, we shall, as heretofore, endeavor to comply. If, at any time, there is a seeming departure, it will be with a consciousness on our part that the particular case has received none the less of our care and attention, and that neither parties litigant, counsel, or the public, can have just cause of complaint.

The re-hearing is refused.