SPURRIER v. WIRTNER.

1. **Highway :** APPEAL FROM ASSESSMENT OF DAMAGES. Notice of appeal from an assessment of damages for the establishment of a highway must be served within twenty days, not only upon the county auditor, but also upon the applicant for damages, and if such notice is not served upon the latter within the time the appeal cannot be regarded as perfected.

2. ———: ———: APPEARANCE. The voluntary appearance in the Circuit Court of the applicant, who has not been served with notice as required by statute, for the purpose of moving to dismiss the appeal, does not constitute a waiver of the requirement of the statute.

3. ———: ———: ———: *Robertson v. The Eldora Railroad and Coal Company,* 27 Iowa, 245, construed and explained.

*Appeal from Johnson Circuit Court.*

THURSDAY, JUNE 6.

THE defendant, Wirtner, filed in the office of the county auditor a petition asking for a change in a highway. The plaintiff, Spurrier, filed a remonstrance, with a claim for damages. Upon a hearing before the board of supervisors, the prayer of the petition was granted, upon the payment of the damages claimed to have been sustained by Spurrier, and assessed at one hundred and seventy-five dollars and costs. Afterwards, and within the twenty days allowed for an appeal from the assessment of damages, Wirtner served a notice of appeal upon the county auditor, and filed a bond, but did not, within the twenty days, serve a notice of appeal upon the claimant, Spurrier, but served a notice upon him after the expiration of the twenty days. The claimant, Spurrier, appeared in the Circuit Court and moved to dismiss the appeal, upon the ground that timely notice of appeal was not served upon him. The court sustained the motion. Defendant appeals.

*W. F. Conklin* and *Fairall, Bonordon & Ranck,* for appellant.

*Robinson & Patterson,* for appellee.

ADAMS, J.—The appellant claims—*First,* that the appeal was perfected without notice upon the claimant; and, *second,* if not, that the defect was cured by the claimant's appearing in the appellate court and filing a motion to dismiss.

The statute points out specifically how an appeal is to be taken in such a case. Code, § 960. Notice of appeal must be served within twenty days upon the county auditor *and applicant for damages.* The appeal cannot be regarded as perfected until the statute is complied with.

1. HIGHWAY: appeal from assessment of damages.

The point, however, upon which appellant seems especially to rely is the appellee's voluntary appearance, and we have presented for our decision the question as to whether the voluntary appearance of the appellee in the appellate court, for the mere purpose of moving to dismiss, upon the ground that the notice of appeal was not served within the time required by statute, is to be regarded as a waiver of the failure to appeal within the time required. It is evident that the rule in regard to an original notice, whose only office is to bring a defendant into court to answer to a petition duly filed, has no proper application to this case. If the service is not sufficient to require the defendant to answer to the next term, other service can be made. If the defendant voluntarily appears, he has notice, the only question which concerns him being as to the term at which he should be required to answer, and, as to that, the court may make the proper order in view of the circumstances. If an appeal is not taken within the time required by statute, the adjudication becomes absolute. The successful party has a right to so consider it, and govern himself accordingly. Any attempt to disturb that adjudication by appeal, he has a right to

2. ——: ——: appearance.

resist at the threshold. A want of notice is not waived by appearance where notice is jurisdictional, except where a subsequent notice would have the effect to give jurisdiction.

The appellant claims that a contrary doctrine was held in *Robertson v. The Eldora Railroad & Coal Company,* 27 Iowa, 245.

3. ——: ——: In that case there was an appeal from a railroad right of way assessment. Notice of appeal was served upon one of the directors of the defendant company. Mr. Justice BECK, who wrote the opinion, thought the service good. The majority, without expressing any opinion upon that point, thought the notice was waived by a voluntary appearance of the company. It does not appear to have been strictly necessary to rule upon the effect of the appearance, and the view of the majority of the court, as indicated in the opinion, can hardly be regarded as having the force of authority.

In our opinion the motion to dismiss was properly sustained.

AFFIRMED.