THE CENTENNIAL MUTUAL LIFE ASS'N v. WALKER ET AL.

1. Corporations: SERVICE UPON AGENT: JURISDICTION. In an action against a corporation service may be made upon any agent, general or special, charged with the business of the corporation in the county where suit is brought, if it arises out of or is connected with the business of the agency in that county.

*Appeal from Dubuque Circuit Court.*

MONDAY, DECEMBER 9.

THIS is an action to restrain by injunction the enforcement of a judgment recovered by the defendant Lance Walker against the plaintiff, on the 2d day of October, 1877, before one J. T. Jarrett, a justice of the peace for Julien township, Dubuque county. The petition alleges that notice of said action was served upon J. M. Hollis, as the agent of the defendant, and that the judgment is wholly void, for that "the said Hollis, upon whom such service was made, was not in the control of any office or agency of this plaintiff in the county of Dubuque, for the transaction of the business of this plaintiff at Dubuque, and at said time this plaintiff had no office or agency in the county of Dubuque for the transac-

tion of any of its business; that the only person in the county of Dubuque, engaged in any business on behalf of this plaintiff, was one Charles Gilliam, who was a special agent for this plaintiff, in said county, for the soliciting of policies of insurance."

On the 9th day of November, 1877, a temporary injunction was issued, as prayed. January 7, 1878, the defendants answered, alleging that the said Hollis, upon whom said service was made, was one of the general agents of said plaintiff in the management and control of its business in the county of Dubuque, at the time said service was made, and denying that Charles Gilliam was the only agent of plaintiff in said county for the transaction of its business at the time said service was made. At the same time a motion to dissolve the injunction was filed. In support of the motion the defendant filed the following affidavit: "I, J. M. Hollis, * * say that on the 6th day of September, 1877, I was appointed by the Centennial Mutual Life Association its general manager of agencies, etc., a copy of which appointment is attached to this affidavit, marked exhibit 'A', and made part hereof; that on the 26th day of September, 1877, while acting as such general agent, I, as such agent, was served with notice issued from the office of J. T. Jarrett, J. P., in and for Julien township, Dubuque county, Iowa, in a suit wherein Lance Walker was plaintiff, and the Centennial Mutual Life Association was defendant, it being the same suit named in plaintiff's petition for an injunction, now pending in this court." The appointment referred to in this affidavit is as follows:

"*To whom it may concern:* The bearer, J. M. Hollis, has this day been appointed general manager of agencies for this association, with ·full power to take up and cancel all certificates of authority given by this association; to make new or alter old contracts, and do such other business as may be necessary from time to time, under the direction of the said association."

On the 9th day of January the plaintiff filed the following

affidavit of J. M. Hollis: "J. M. Hollis   *   *   *   *   says that, in making the affidavit in this cause on the 7th of January, 1878, he did not mean to be understood that he was an agent of said plaintiff, in charge of its agency at Dubuque, but that he was the general manager of agencies for said plaintiff in the State of Iowa, and that while at Dubuque he was served with the notice issued by Justice Jarrett; that the principal place of business of said company is and was at Burlington, Iowa, and that at the time said notice was served upon affiant one Charles Gilliam, a resident of the county of Dubuque, was the agent of said plaintiff in and for said county."

Upon this showing the court dissolved the injunction. Plaintiff appeals.

*Fouke & Lyon,* for appellant.

*H. T. McNulty,* for appellee.

DAY, J.—Section 2585 of the Code provides: "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." The petition in this case alleges that one Charles Gilliam was a special agent for plaintiff in Dubuque county for the soliciting of policies of insurance. The affidavit of J. M. Hollis, filed on behalf of plaintiff, in substance states the same thing. By plaintiff's own showing it appears, therefore, that plaintiff had, at the time the action before the justice was instituted, an agency in the county of Dubuque for the soliciting of policies of insurance. Under section 2585 of the Code a suit growing out of or connected with the business of soliciting policies of insurance in Dubuque county may be brought in that county. The plaintiff does not allege in its petition that the suit in question could not be brought in Dubuque

1. CORPORA-
TIONS: service
upon agent:
jurisdiction.

county. Upon the contrary, it seems to be conceded that the venue of the action might properly be laid there. The position of appellant is that, the action being brought in Dubuque county, service of notice could not properly be made upon Hollis, the general agent, but should have been made upon Gilliam, the special or local agent. It must be borne in mind that section 2585 of the Code does no more than fix the county in which certain actions may be brought. It determines the jurisdiction over the subject-matter. It does not define the manner in which jurisdiction over the person is to be acquired. For this we must look to other provisions of the Code. Section 2612 of the Code provides: "When the action is against a municipal corporation, service may be made on the mayor or clerk, and if against any other corporation, on any trustee or officer thereof, or on any agent employed in general management of its business, or on any of the last known or acting officers of said corporation. * *"

Section 2613 is as follows: "When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

It will be observed that these sections provide two classes of agents on whom service may be made: *First*, service may be made on an agent employed in the general management of the business of the corporation. In this manner service may be made in all actions, without regard to the place where brought, for the section contains no restriction. *Second*, in actions growing out of or connected with the business of a particular office or agency, service may be made on an agent or clerk employed in such office or agency. It follows that in this case, conceding the action to arise out of or be connected with the special agency at Dubuque, which the petition does not controvert, service of notice might be made upon either the local or a general agent. The appointment of

Hollis constitutes him a general agent. The injunction, we think, was properly dissolved. It is claimed that the court erred in dismissing plaintiff's petition. But the only relief sought, or which could properly be granted under the petition, was an injunction restraining the enforcement of the judgment. The plaintiff not being entitled to this, nothing remained to be tried. It is claimed in argument that the return on the original notice in the justice's court is fatally defective. Relief was not asked upon that ground in the court below. No such claim is made in the petition.

AFFIRMED.