## LIBBEY v. McINTOSH ET AL.

1. **Notice of Appeal:** DEFECTIVE SERVICE: WAIVER BY APPEARANCE. Where, on an appeal to the Circuit Court from the action of the board of supervisors in assessing damages upon the establishment of a highway, the appellees appeared and admitted that service was made upon them, but alleged that it was made by a person not authorized to make it, or rather that his certificate is not sufficient proof of the service, *held* that the defect, if any, was waived by the appearance, and that a motion to dismiss the appeal for want of jurisdiction was properly overruled.

2. ————: ACCEPTANCE OF BY AUDITOR. Where the county is one of the appellees, the auditor may accept service of the notice of appeal by writing thereon.

3. **Appeal from Supervisors:** TRANSCRIPT FILED BEFORE NOTICE
GIVEN. In such case, the fact that the transcript was filed before the
notice of appeal was served, in no manner affects the jurisdiction of the
Circuit Court.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, DECEMBER 15.

THE defendants and others were petitioners for the estab-
lishment of a public road in Winneshiek county. The line
of the proposed road passed over certain lands of the plaint-
iffs, and they filed a claim for damages in the sum of two hun-
dred dollars. Appraisers were appointed who reported the
damages to be sixty-five dollars, and the road was established
by order of the board of supervisors, upon condition that the
petitioners therefor pay all costs and damages allowed by the
appraisers. The plaintiffs herein appealed from the assess-
ment of damages to the Circuit Court. Upon the trial of
the appeal, the damages were fixed at $150, and defendants
appeal to this court.

*Cooley, Fannon & Akers*, for appellants.

*Barker Bro's.*, for appellees.

ROTHROCK, J.—I. The order of the board of supervisors
establishing the road was made on the ninth day of January,

1. NOTICE of
appeal: de-
fective ser-
vice: waiver
by appear-
ance.

1880. A proper notice of the appeal was served
upon the auditor of the county, as required by
section 959 of the Code, and the proof or return
of service was in these words:

"Due and legal service of the within notice is admitted
on me at Decorah, Iowa.                    F. G. HALE.
                    *Auditor of Winneshiek County, Iowa.*
*January 27, 1880.*"

The notice of appeal was also served by the sheriff of How-
ard county upon the four persons first named in the petition
for the highway as follows: Upon one of said persons the

service was made in Howard county, and upon the other three in Winneshiek county. The only proof of the service of the notice upon the petitioners in Winneshiek county is the return and certificate of the sheriff of Howard county who made the service. The defendants objected to the jurisdiction of the court, and moved to dismiss the appeal, upon the grounds that there was no sufficient service of the notice of appeal, nor proof of service, and that at the time the appeal was taken there was no service whatever of the notice of appeal upon the auditor, and that notices of appeal were not filed in the office of the auditor as required by law.

It is contended that there was no sufficient service of notice upon the petitioners for the road, nor proof thereof, to give the Circuit Court jurisdiction of the appeal. The service, such as it was, was made within twenty days, as provided in section 959 of the Code. But it is said there was no sufficient proof of such service, because the proof consisted of a mere return or certificate of the sheriff of Howard county that he made the service on part of the defendants in Winneshiek county, and he had no power as such officer to serve the notice outside the limits of Howard county. Whether the certificate of a sheriff of the service of a notice outside of his county is sufficient proof of service, under the present statute, we do not deem it necessary to determine in this case. If the defendants had not appeared in the court below, that might be a material question. But they did appear. It is true, they objected to the jurisdiction of the court, but they recite in their abstract that "the only service of said notice and proof of service on the defendants was as follows:" * * * *. They then recite the facts substantially as above stated. They are then in this position—they admit that service was made upon them, but deny that it was made by a person authorized to make it, or rather, that his certificate is not sufficient proof of the service. It is true the service of the notice within the twenty days is jurisdictional. We so determined in *Spurrier v. Wirtner*, 48 Iowa,

486. But that is a very different question from the one presented in the case at. bar. Here the notices were served within the twenty days, as defendants concede, and the only objection goes to the proof of service. The case of *Wiel v. Lowenthal*, 10 Id., 575, cited by appellants, is not in point. In that case it was sought to maintain a personal action in Scott county, in this State, against a resident of Illinois, who was served with an original notice in Illinois by the sheriff of Scott county. It was said in the opinion that the service could not be made by the sheriff out of the State; but the question in the case was whether the defendant, a citizen of Illinois, and there served, could be required to defend a personal action in the courts of this State, and it was held that he could not.

II. Next, it is insisted that there was no proper service of the notice of appeal upon the auditor. To this objection

2. ——: acceptance by . auditor.

it is sufficient to say that an acknowledgment of service was made. It is one of the modes prescribed by the statute. Code, § 2603. The objection that the statute provides that the acknowledgment of service must be signed by the *"defendant,"* and the auditor is not a defendant, is too technical to require discussion.

III. It is objected that the transcript was made out and

3. APPEAL: from supervisors: transcript filed before notice given.

filed with the clerk of the Circuit Court before the service of the notice of appeal upon the auditor. This is a mere irregularity which in no manner affects the jurisdiction. The judgment of the Circuit Court must be

AFFIRMED.