EDWIN MOFFITT v. CHICAGO CHRONICLE COMPANY, Appellant.

**Plea and Proof:** LIBEL. Permitting plaintiff in an action for libel to prove over objections that the statements made in the article were untrue is not prejudicial error, although there was no plea of justification, where defendant denies each and every allegation in the petition, except the one charging the publication of the article.

**Jurisdiction:** SPECIAL APPEARANCE. By defendants appearing to set aside a default which he alleged had been entered through a misunderstanding between counsel and afterwards answering to the merits, the court acquired jurisdiction over him, under Code 1873, section 2626, paragraph 3, providing that defendant renders further notice unnecessary by appearing, either specially or otherwise, for any purpose connected with the service or insufficiency of the notice.

**Service of Notice:** FOREIGN CORPORATIONS. Code 1873, section 2585, authorizing a corporation having an office for the transaction of business in any county to be sued in such county with respect to any business growing out of or connected with the business of the agency, merely fixes the county in which suit may be brought, and does not define the manner of acquiring jurisdiction.

SAME. Code 1873, section 2613, provides that, where a corporation has an office or agency in another county than the place of its residence. service in an action connected with or growing out of the business of the agency may be made on the agent or clerk employed in such office. Section 2612 authorizes service on a corporation by serving the trustee or agent employed in the general management of its business. *Held,* that the mode of service prescribed by section 2613 is not exclusive. and hence by proper service jurisdiction may be acquired of a foreign corporation having no agency or office in the state.

**Continuances.** Continuance in an action for libel will not be granted on the ground of the absence of the reporter who wrote the article complained of, where he was not subpoenaed but was present at defendant's request when the cause came on for trial and subsequently left the city because the latter's counsel repeated to him a remark of plaintiff's attorney that he ought to be prose-

107  407
107  395
107  407
129  631

107  407
137  111

cuted for criminal libel, and refused to return unless assured that
no effort would be made to indict him, and although defendant's
counsel knew that he intended to leave the city, no effort was
made to detain him, and no showing was made that the witness's
evidence could be obtained at any time.

PLEA IN ABATEMENT. Plea in abatement is not necessarily good
because Code 1873, section 2732, provides that such a plea may be
joined with one in bar, since the statute does not undertake to
specify what shall be considered a good plea in abatement.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON,
Judge.

SATURDAY, JANUARY 28, 1899.

ACTION at law to recover damages for a libel published
by defendant of and concerning the plaintiff. Defendant
pleaded in abatement to the jurisdiction of the court, and
also interposed a plea in mitigation. Trial to a jury, result-
ing in a verdict and judgment for plaintiff, and defendant
appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* for appellant.

*J. K. Macomber* for appellee.

DEEMER, J.—Appellee commenced his action by serv-
ing original notice upon one Osborne Shannon, agent of the
Chicago Chronicle Company. Appellant was required to
appear and defend at the April, 1896, term of the district
court of Polk county, which commenced on the 6th day of
April in that year. No appearance seems to have been made
on behalf of appellant, although we find some affidavits filed
in the month of April relating to the character of Shannon's
agency. On the ninth day of May the cause was called for
trial, and the court, finding that service of notice was suffi-
cient, granted a default against the appellant. There-
after a jury was called to assess plaintiff's damages,
which returned a verdict for the amount claimed. In
granting the default, the court considered the affidavits to

which we have referred, and found specially that the appellant had an office and agency in Polk county for the transaction of its business, and that the libel complained of grew out of this business. A short time after the rendition of judgment on the verdict, appellant entered an appearance, and moved to set aside the default and judgment, and for a new trial, based upon the ground that, through a misunderstanding between counsel, appellant was not represented at the trial. This motion also recited that appellant had a good defense to plaintiff's action. The motion was sustained on October 20, 1896, and appellant was ordered to file answer by November 9th. The answer filed in response to this order contained a plea in abatement to the jurisdiction of the court, and also a plea in mitigation of damages. The plea in abatement stated, in substance, that appellant is a corporation organized under the laws of the state of Illinois for the purpose of publishing a newspaper; that it never had an office or agency in the state of Iowa for the transaction of its business, and that it never had an agent or clerk employed in any office in this state; that the alleged cause of action stated in appellee's petition did not grow out of, nor was it connected with, any office or agency in this state; that it has never entered the state for the transaction of its business, nor appointed any agent upon which it consented that service of process might be made; that Osborne Shannon, upon whom service was made, was not at any time connected with any office or agency of appellant in this state, nor was he ever employed in any office or agency of appellant in this jurisdiction; and that there has been no other service of original notice in this case save the service upon Shannon. Appellee moved to strike this plea upon the grounds: First, that it was an attempt on the part of appellant to relitigate the question of jurisdiction, which had already been determined adversely to him by the court; and, second, that, as appellant had appeared and answered on the merits, it is not permitted to raise the question of jurisdiction, since vol-

untary appearance and answer on the merits waives the
question of jurisdiction; and, third, that the default was set
aside on condition that appellant should not raise the ques-
tion of jurisdiction, but should answer on the merits. This
motion was sustained, and on the ruling appellant assigns
error.

Appellee abandons the third ground of his motion on
this appeal, and the question we have to determine is
whether appellant is in such position as that he may raise
the question of jurisdiction by plea in abatement based upon
the fact that it was not properly served with notice. In
passing upon this point we must assume that the service of
notice upon Shannon was not sufficient to give the court jur-
isdiction over appellant, although we may observe, in pass-
ing, that there may be some doubt as to the sufficiency of
the showing, and the pivotal question is, did appellant, by
appearing to set aside the default, and by filing an answer
as to the merits, waive notice, and dispense with the neces-
sity of proper service? That question seems to be answered
by paragraph 3 of section 2626 of the Code of 1873, which
reads as follows: "The mode of appearance may be—(2)
By an appearance, even though specially made by himself or
his attorney, for any purpose connected with the cause, or
for any purpose connected with the service or insufficiency
of the notice, and an appearance, special or other, to object
to the substance or service of the notice, shall render any
further notice unnecessary, but may entitle the defendant to
a continuance, if it shall appear to the court that he has not
had the full, timely notice required of the substantial cause
of action stated in the petition." In applying that section to
a case in which there was a plea of abatement very similar
to the one in the case at bar, we said: "It is claimed that
jurisdiction of the defendant was not acquired by service of
the original notice on Hawley, and we think that is true.
He was not employed in the general management of the
business of the defendant, nor in any office or agency which

belonged to it in this state.   But an action may be brought against an insurance company in any county in which the loss insured against for which recovery is sought occurred. * * * It is clear that the district court had jurisdiction of the subject-matter of the action, and it is also clear that under the statutes of this state and the decisions of this court the appearance of the defendant to object to the service of the notice was sufficient to confer jurisdiction upon the district court,"—citing the section quoted, and *Johnson v. Tostevin,* 60 Iowa, 47; *McFarland v. Lowry,* 40 Iowa, 468; *Rahn v. Greer,* 37 Iowa, 627; *Post v. Brownell,* 36 Iowa, 498; *McKnight v. McCullough,* 21 Iowa, 111.   It follows that the district court acquired jurisdiction of both the defendant and the subject-matter of the action.   See *Lesure Lumber Co. v. Mutual Fire Ins. Co.,* 101 Iowa, 519.   That case, as well as those cited, seem to rule the question presented.

But it is contended that the rule does not apply to this case, for the reason that the court did not and could not obtain jurisdiction of appellant by the service of notice, and that, as jurisdiction could only be acquired by voluntary submission, there may be a special appearance for the purpose of moving the court to abstain from entering a judgment which it had no lawful power to enter. Reliance is placed upon sections 2585 and 2613 of the Code of 1873, which read as follows:

"Sec. 2585.   When a corporation, company, or individual, has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." ·

. "Sec. 2613.   When a corporation, company, or individual, has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed

in such office or agency, in all actions growing out of or connected with the business of that office or agency."

The argument proceeds on the theory that, unless a corporation has an office or agency in this state, and its agent is served in the manner pointed out in these sections of the statute quoted, the court can acquire no jurisdiction over it. If this were true, there would be much force in appellant's contention, for, if appellant could not, by proper service, be brought under the jurisdiction of the court, its appearance to object to the jurisdiction would not amount to a waiver. As said in the case of *Spurrier v. Wirtner,* 48 Iowa, 486: "A want of notice is not waived by appearance where notice is jurisdictional, except where a subsequent notice would have the effect to give jurisdiction." But we do not think the statutes quoted should be given the construction counsel would have us place upon them. It has already been decided that the first of them merely fixes the county in which the suit shall be brought, and does not define the manner in which jurisdiction may be acquired. *Association v. Walker,* 50 Iowa, 75. And in an early case we decided that the section was permissive, and not mandatory, and that the suit, if against a non-resident, might be brought in the usual manner of actions against non-residents. *Dean v. White,* 5 Iowa, 266. Again, service need not be in accordance with the provisions of section 2613. It may be made upon any trustee or agent of the corporation, or upon any agent employed in the general management of the business. Code 1873, section 2612; *Association v. Walker, supra; Winney v. Manufacturing Co.,* 86 Iowa, 608. As appellant was a non-resident of this state, it might be sued in any county in which it could be found. Code 1873, section 2586. And service might be made under section 2612 of the Code of 1873. This is not, then, a case where jurisdiction could not be acquired by service of notice. Notice might be served upon any trustee or officer of the corporation, or upon any agent employed in the general management of its business.

The cases heretofore decided by this court which are relied upon by appellant are not in point.    That of *Spurrier v. Wirtner, supra,* related to the failure of appellant to serve his notice of appeal within the twenty days allowed by law for an appeal from the action of the board of supervisors in relation to the change of a highway.    Notice in that case was not only jurisdictional, but no notice could be given after the twenty days which would confer jurisdiction.    It is there said that: "The rule in regard to an original notice, whose only office is to bring a defendant into court to answer to a petition duly filed, has no proper application to this case.    *    *    *    If the defendant voluntarily appears, he has notice; the only question which concerns him being as to the term at which he should be required to answer, and as to that the court may make the proper order in view of the circumstances.    If an appeal is not taken within the time required by statute, the adjudication becomes absolute."    In *Cibula v. Manufacturing Co.,* 48 Iowa, 528, the plaintiff failed to file his petition at the time stated in the original notice, and the defendant appeared, and moved to dismiss the cause.    It was urged that such appearance waived the defect resulting from the failure to file the petition at the proper time.    We referred to Code 1873, section 2600, which provided that, if the petition be not filed by the date fixed in the notice, and 10 days before the term, "the action will be deemed discontinued," and then said:    "The language of section 2600 being imperative, no waiver will be presumed from the special appearance for the purpose of the motion, unless it has that effect under a statute.    Surely, it is inconsistent with the rules governing the practice of the courts to hold that a defect in proceedings, which the imperative language of the statute declares shall work a discontinuance of the case, is waived by the party entitled to take advantage thereof by his raising an objection thereto.    We know of no statute prescribing such a rule. *    *    *    It cannot, surely, be claimed that the provision

(Code 1873, section 2626; McClain's Code, section 3832),
intended to secure the appearance of defendant upon a
defective notice, will so operate that defendant shall be pre-
sumed to waive an irregularity subsequent to the notice by
objecting thereto.    Such a construction would make it a
statute of *jeofails,* more comprehensive than has ever been
devised." That case is not an authority for appellant, for
the reason that section 2600 of the Code of 1873 expressly
declared that a failure to file the petition within the time
allowed should operate to discontinue the action. In *Lumber
Co. v. Boggs,* 63 Iowa, 589, plaintiff failed to bring his suit
to establish a mechanic's lien within thirty days after the
service of notice, as required by statute.    Defendants
appeared, and objected to the jurisdiction of the court.    On
the question of submission to the jurisdiction by appearance,
we said: "The notice subsequently served was not in time.
The thirty days within which the action must be commenced
had expired long prior to the service of this notice and it
was after the service of the notice that the defendants
appeared and pleaded that plaintiff had failed to com-
mence the action within the time required by law.    By
so appearing and pleading, the defendants waived nothing.
If they had failed to appear, a judgment by default could
not have bene lawfully entered against them.    It seems to
us that it is immaterial whether the first notice was void or
merely defective, for it is certain that no valid judgment
could have been rendered in the so-called action, and there-
fore no such action was commenced as is contemplated by stat-
ute."    No appearance for any purpose was entered by the
defendant in the case of *Boals v. Shules,* 29 Iowa, 507.    And
the case of *Mayfield v. Bennett,* 48 Iowa, 194, is not in
point.    Of the other cases cited by counsel it is sufficient to
say that *Harkness v. Hyde,* 98 U. S. 476, seems to announce
general rules to which we can readily lend our assent.    It
does not appear to us to be in point, however, for the reason
that no question of statutory construction was involved.    The

cases cited from the federal *nisi prius* court are not binding on us, and, while they seem to support appellant's contention, the distinction we have pointed out does not seem to have been observed by the learned judges who announced the opinion. Had appellant appeared, and called the court's attention to the fact that its original judgment was entered without authority, as was done in the case reported in 29 Iowa, 507, it may be that this would not be held to be a waiver, or such an appearance as obviated the necessity of further notice. But that point we need not decide, for the reason that appellant's appearance was to set aside the default because of a misunderstanding between counsel. Nothing was then said about the court being without jurisdiction to render any judgment. That claim was first made in answer, and it seems to us that appellant's appearance under such circumstances should be held sufficient to obviate the necessity of further notice. It has frequently been held that by general appearance to an action a party waives objections to the jurisdiction of the person, and that one cannot secure the favorable action of a court, and then insist that that court had no jurisdiction over him. This is manifestly a just rule, and it has been applied in a great number of cases. See *Polk County v. Hierb,* 37 Iowa, 362; *Jack v. Railroad,* 49 Iowa, 627; *Johnson v. Tostevin, supra; Rahn v. Greer,* 37 Iowa, 630; *Wilsey v. Maynard,* 21 Iowa, 107; *Baker v. Kerr,* 13 Iowa, 384; *Stockdale v. Buckingham,* 11 Iowa, 45; *Winchester v. Cox,* 3 G. Greene, 575; *Brown v. Webber,* 6 Cush. 503; *Shaffer v. Trimble,* 2 G. Greene, 464. That the district court had jurisdiction of the subject-matter—the right which plaintiff had to damages growing out of the alleged libel—is too plain for serious dispute, and that it could acquire jurisdiction of the person by voluntary appearance, or by proper service of notice in this state, under the provisions of the statute before quoted, is equally plain. Now, the Code of 1873 provided that appearance, although specially made, is sufficient to give jurisdiction. Section

2626. Appellant cites that section of the statute permitting a plea in abatement either in answer or reply with one in bar (section 2732, Code 1873), and contends that this authorizes such a pleading as it filed in this case. The argument is that, as a plea in abatement may be joined with one in bar, therefore any plea in abatement is good. There is nothing in this position. Of course, the two pleas may be joined, but this statute does not undertake to specify what shall be considered a good plea in abatement. That question must be determined independent of this statute. When it is decided that a certain plea in abatement is good, it then follows that such plea may be joined with one in bar. This is all there is in that statute. We are of opinion that the court acquired jurisdiction of the person of appellant, and that the motion was properly sustained.

II. During the course of the trial, appellant made application for a continuance. The application was overruled, and error is assigned on the ruling. One Bennett was the reporter who wrote the libel complained of. He was present, at defendant's request, when the cause came on for trial, and remained in the court room for more than a day. One of appellant's counsel heard appellee's attorney say that Bennett ought to be arrested for criminal libel, and he casually repeated the remark to Bennett, whereupon the latter became frightened, left the room in which he and counsel were then talking, and almost immediately left the city. Some time afterwards it was discovered that he was in Albert Lea, Minn. He refused to return from this latter place unless assured that no effort would be made to indict him. Thereupon appellant filed a motion for a continuance, based upon the absence of this witness. Appellee objected to the motion on the grounds that it came too late, that appellant was negligent in not having the witness subpoenaed, that the application did not state any facts material to the controversy, that appellant by his counsel caused the departure of the witness, and that

all of the facts which it was claimed the witness would testify to could be proven by other witnesses. The objections to the motions were sustained, and we think the ruling was correct. Bennett was not a party to the suit, and was not compelled to be in attendance. He was not subpoenaed, and, although appellant's counsel were informed that he (witness) intended to leave the city, no efforts were made to detain him. When the witness arrived at Albert Lea, he telegraphed back to Des Moines if everything was all right. Again, there is no showing that the witness' evidence could be obtained at any time. Appellee was in no way responsible for the witness' flight. That was due to the remark made by appellant's counsel. In view of the whole record, and bearing in mind that such an application is addressed peculiarly to the sound legal discretion of the trial judge, we are constrained to hold there was no error in denying the motion.

III. Although there was no plea of justification, appellee was permitted to prove, over appellant's objections, that the statements made in the alleged libel were untrue. This ruling forms the basis for the third and last assignment of error. Now, while, as we have said, there was no plea of justification, yet the defendant denied each and every allegation in the petition except the one charging the publication of the article. This it admitted. It may be that appellee was not compelled to negative the truth of the statements contained in the article in order to make out his case. But, if he did so, certainly no prejudice resulted, for he was simply proving that which the law supplied by way of presumption. No prejudicial error appears, and the judgment is AFFIRMED.