THE STATE OF KANSAS v. WILLIAM MILLER.

No. 12,107. (64 Pac. 1033.)

SYLLABUS BY THE COURT.

1. CONTINUANCE—*Absent Witness* A party who seeks a continuance on account of an absent witness must show that he has used the ordinary means provided by statute to obtain the testimony of such witness; and the failure to employ such means, when they are practicable and would be effectual, will, as a general rule, be fatal to an application for a continuance.

2. INTOXICATING LIQUORS—*Nuisance*—*Testimony*. A complaint contained two counts charging unlawful sales of intoxicating liquors on a certain day, and also one charging that defendant maintained a place where such liquors were unlawfully sold. On the first trial there was, in effect, an acquittal on the second count, and afterward, upon appeal, there was another trial on the third count. *Held*, that the acquittal on the second count did not preclude the use of the evidence of unlawful sales on the day named in that count to sustain the third count, which charged defendant with maintaining a nuisance.

3. ——— *Paraphernalia in Evidence.* The fact that bottles, glasses, liquors and other articles may have been taken by an officer from the possession of the defendant in an unauthorized search of his premises does not constitue a valid objection to the admissibility of such articles in evidence against him, if they are otherwise pertinent and competent.

Appeal from Republic district court; F. W. STUR-GES, judge.   Opinion filed May 11, 1901.   Division two.   Affirmed.

*B. T. Bullen*, and *John C. Hogin*, for The State.
*V. D. Bullen*, and *T. S. Kirkpatrick*, for appellant.

The opinion of the court was delivered by

JOHNSTON, J. : William Miller was charged with unlawful sales of liquor and with maintaining a place where liquor was unlawfully sold.   The complaint contained three counts, the first two of which charged unlawful sales of liquor at particular times, and the third the maintenance of a nuisance.   In justice's court he was convicted only upon the first and third counts, and acquitted on the second, which charged an unlawful sale of liquor.   An appeal was taken to the district court, and there he was again convicted upon the first and third counts.   He complains of the ruling of the court refusing a continuance.

The ground upon which the motion for a continuance was made was the absence of a witness.   The testimony which it is alleged that the witness would have given appears to be competent and material, but it is not shown that due diligence was used to obtain his testimony.   About two weeks before the trial was had, a notice was given that the deposition of the absent witness would be taken at a neighboring county-seat, and about a week afterward an effort was made to take the deposition, but at that time the witness had removed to another town, and his testimony could not be obtained under that notice.   It does not appear that a subpœna was issued from the trial court, as might have been done under the statute.   If a sub-

pœna had been issued at the time the notice to take depositions was given, it could have been served on the witness and his attendance secured. In criminal cases witnesses may be subpœnaed in any county of the state, and district courts have full power to compel their attendance. (Crim. Code, §§ 165–167; Gen. Stat. 1901, §§ 5607–5609.)

A party who seeks a continuance on account of an absent witness must make it appear that he has used the ordinary legal means provided by statute to obtain the evidence; and where a party fails to employ such means, when they are practicable and would be effectual, the failure will, as a general rule, be fatal to an application for a continuance. No sufficient reason was given for the failure to have a subpœna issued, and therefore no sufficient diligence has been exercised by the appellant. The matter of continuance is largely within the discretion of the trial court, and its ruling refusing a continuance cannot be reversed unless it appears that there has been an abuse of discretion. (*The State v. Barker*, 43 Kan. 262, 23 Pac. 575.)

Another objection is that proof was admitted of a sale of liquor by the appellant on the 12th day of June, 1900. The second count of the complaint charged an unlawful sale upon that day, but on that count there was an acquittal in the lower court. The testimony, however, was not offered to sustain the charge on which there had been an acquittal, but was admitted as proof tending to establish the third count of the information, which was maintaining a place where liquors were unlawfully sold, or, in other words, the keeping of a nuisance. For that purpose the testimony was competent. Any act or conduct of the defendant occurring within the statutory period

and which tends to establish the keeping of a nuisance was admissible.   Where evidence can be used to prove two counts of an information, the fact that one of them has been eliminated does not preclude the use of the evidence to establish the remaining count.

The final contention is that error was committed in the admission of bottles and barrels of liquors, glasses, corkscrews and other paraphernalia found on the premises of the defendant when the arrest was made. It is urged that the averments in the complaint did not warrant the seizure of the articles mentioned, and that as they were wrongfully obtained they could not be admitted in evidence against the defendant.   Assuming, but not deciding, that the officer acted in excess of authority when he took possession of the liquors and other articles found upon defendant's premises, it does not follow that the evidence should be excluded.   In Greenleaf on Evidence, section 254a, it is said :

"Though papers and other subjects of evidence may have been *illegally* taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue.   The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question."

In *Shields v. The State*, 104 Ala. 35, 16 South. 85, the question was considered at length and the authorities reviewed, and it was held that evidence obtained by an illegal and unauthorized search is admissible to fix the guilt of a criminal offense upon the person searched ; and the principle extracted from all the authorities is "that, however unfair or illegal may be the methods by which evidence may be obtained in a

5—63 KAN.

criminal case, if relevant, it is admissible, if the accused is not compelled to do any act which criminates himself, or a confession or an admission is not extorted from him, or drawn from him by appliances to his hopes and fears." ( See, also, *Gindrat et al. v. The People*, 138 Ill. 111, 27 N. E. 1085 ; *Seibert v. People*, 143 Ill. 571, 32 N. E. 431 ; *People v. Barker*, 60 Mich. 277, 27 N. W. 539 ; *State v. Flynn*, 36 N. H. 64 ; *Commonwealth v. Dana*, 2 Metc. [Mass.] 329 ; *Commonwealth v. Tibbetts*, 157 Mass. 519, 32 N. E. 910 ; *Commonwealth v. Smith*, 166 Mass. 370, 44 N. E. 503 ; *State v. Burroughs*, 72 Me. 479 ; *State v. Pomeroy*, 130 Mo. 489, 32 S. W. 993 ; 1 Tayl. Ev. § 922 ; 1 Bish. Crim. Proc. 246.) These authorities conclusively show that no constitutional right of the defendant was violated and that the admission of the evidence does not constitute reversible error.

The judgment of the district court will be affirmed.

CUNNINGHAM, GREENE, JJ., concurring.