# THE STATE v. GEORGE T. OLDS, Appellant.

### Division Two, March 9, 1909.

1. **INFORMATION: Honest Sign: Bawdyhouse: Inveigling De-cent Persons.** An information, drawn under section 2201, Re-vised Statutes 1899, charging defendant with displaying the sign of an honest occupation (in this case, "Rooming House") upon a common assignation and bawdy house, of which defend-ant was the keeper, is sufficient. The information need not charge that any decent person was inveigled into the house by the sign displayed.

2. **CONTINUANCE: Absent Witness: No Attachment.** Where the witness was duly subpoenaed to appear on March 4th, the date for which the trial was first set, the subpoena was sufficient to require his attendance on April 13th, the date to which the cause was continued, and no attachment was asked for him, the court did not err in denying a continuance on ac-count of his absence on April 13th.

3. ————: ————: **Cumulative Testimony: Good Reputation.** Where the absent witness was wanted only to testify as to defendant's general good reputation, and various other witnesses testified in his behalf on that subject, no error was committed in denying a continuance on account of his absence, for had he been present his testimony could only have been cumula-tive.

4. ————: ————: **Unknown Abode.** Where defendant was charged with keeping an assignation house, and no subpoena had been issued for the absent witness, and he was a traveling salesman, who had no fixed abode and his address was entirely unknown on the day of trial, and all that it was desired to show by him was that he had stopped at defendant's house a month prior to the filing of the information and observed nothing out of the way and that defendant kept a decent and orderly house, and it being apparent that these facts, if true, could be shown by many other witnesses, the court did not abuse its judicial discretion in denying a continuance on ac-count of his absence.

5. **OBJECTIONS: First Made on Appeal: Letters.** An objection to letters admitted in evidence that they were irrelevant is unavailing if made for the first time on appeal.

217 Sup—20

6. **REMARKS OF ATTORNEY: No Objection to Sufficiency of Rebuke.** Where the remarks made by the prosecuting attorney as preserved are so meagre that no opinion can be formed of their propriety or impropriety, but the record shows that whatever their context the trial judge at once rebuked him and warned him not to transgress the law and directed the jury to disregard the remarks, and that rebuke was not objected to as being insufficient, the judgment will not be reversed because of the remarks.

7. **ASSIGNATION HOUSE: Defendant's Knowledge.** The trial court did not err in permitting several female inmates of the so-called "rooming house" to testify that defendant had solicited them and had had sexual intercourse with them during the time covered by the information. No more pertinent or convincing evidence of his knowledge of the character of the women who were occupying his house and plying their unlawful commerce, could be adduced.

8. ——: ——: **Sufficient Showing.** Where the information charges defendant with displaying the sign of an honest occupation upon a common assignation and bawdy house, he must be shown to have had knowledge that the house was used for the purpose of assignation and as a bawdy house. But where the information directly charged him with conducting such a house, and the instructions required the jury to find that he knew of sexual commerce therein and that he assisted in bringing together in said house persons for such illicit intercourse, and the evidence overwhelmingly sustains their verdict of guilty, there is an end to all controversy as to his knowledge..

Appeal from Cole Circuit Court.—*Hon. Wm. H. Martin,* Judge.

AFFIRMED.

*Hazell, Edwards & Lay* for appellant.

(1) The court committed error in refusing to grant the continuance prayed for by defendant. There was no reason why defendant should have been forced to go to trial at that time. He had only been arraigned at the regular March term, 1908, of said court, the information having been filed in February. The law does not look with favor upon such haste as was had

in this case.  No objection was made to the sufficiency of the application from a statutory standpoint.  Secs. 2559-2560, R. S. 1899; State v. DeWitt, 152 Mo. 76; State v. Bowman, 161 Mo. 88; State v. Clark, 147 Mo. 20; State v. Warden, 94 Mo. 648; State v. Maddox, 117 Mo. 667; State v. Kindred, 148 Mo. 270.  (2)  The letters admitted in evidence alleged to have been written to witness, Dashle, at Columbia, Mo., by defendant, were improperly admitted.  They had no bearing on the issues involved in this case, which were whether defendant was displaying signs to inveigle one into a dishonest house.  (3)  The court erred in allowing evidence to be introduced under the information filed.  It was not charged in the information that any one was inveigled into this house by any sign or signs displayed by defendant.  (4)  The prosecuting attorney was clearly outside the record in his arguments in the case. Nothing is better settled than that personal abuse and denunciation of a defendant by the prosecuting officer, as was done in this case, is improper in the highest degree, and constitutes reversible error.  State v. Fischer, 124 Mo. 460; State v. Young, 105 Mo. 634; State v. King, 64 Mo. 591; State v. Lee, 66 Mo. 165; State v. Brooks, 92 Mo. 609; State v. Mahley, 68 Mo. 315.  (5) Equally detrimental, improper and hurtful to defendant was the allowing women, who testified in the case, to testify that the defendant sought and desired sexual intercourse with them.  (6)  In order to convict one of keeping a house, such as the one in question, or a bawdy or assignation house, the person charged with so keeping such a house must have knowledge that the house is used for that purpose, and the instructions must so state, and it should also be alleged in the indictment.  Instructions 4, 5, 6 and 8 for the State, are, therefore, erroneous.  State v. Leach, 50 Mo. 535; State v. Horn, 83 Mo. App. 47; State v. Laughlin, 160 Mo. 33; sec. 2201, R. S. 1899.

*Herbert S. Hadley,* Attorney-General, for the State; *James T. Blair* of counsel.

(1)   The information was assailed by objection, *ore tenus,* to the introduction of any evidence under it.  No motion to quash, demurrer, motion to elect or in arrest was filed.  The objection made was properly overruled.  State v. Duncan, 116 Mo. 307; State v. Meyers, 99 Mo. 112; State v. Gregory, 178 Mo. 56; State v. Blakely, 184 Mo. 189.  (2)  The information is unobjectionable.  Sec. 2201, R. S. 1899; State v. McLaughlin, 160 Mo. 39; State v. Harroun, 199 Mo. 528; State v. Cameron, 117 Mo. 375.  (3)  The continuance was properly denied.  Three of the five witnesses on whose absence the application was grounded testified on the trial.  Longley had been subpoenaed to appear on March 4, 1908, on which date the case was first set for trial.  This was sufficient to require his attendance or subject him to attachment at the adjourned term.  Secs. 2842, 2598, R. S. 1899.  No attachment was asked by defendant.  As to Longley, then, the continuance was properly denied.  State v. Andrew, 76 Mo. 103; State v. Callaway, 154 Mo. 96. Besides, other witness testified on the point on which Longley was to be used.  His testimony was merely cumulative.  State v. Horn, 209 Mo. 462.  Traxler was a traveling man.  It was not discovered that he knew anything about the matter until March 16, 1908. No  subpoena  had  been  issued  for  him.   Even his  address  was  unknown  on  the  day  of  trial. Defendant's  attorneys  had  been  in  touch  with him   more   than   once   but   he   seems   to   have eluded them.  He  apparently  had  no  fixed abode. Defendant  "believed"  he  could  secure  his  attendance later.  Other witnesses testified for defendant as to the character of the house.  Many others must have known its character, owing to its public nature. The court did not abuse its discretion.  State v. Banks,

118 Mo. 122; State v. Cummings, 189 Mo. 640; State v. Sublett, 191 Mo. 171; State v. Richardson, 194 Mo. 335; State v. Horn, 209 Mo. 462; State v. Crane, 202 Mo. 78. (4) Defendant's peremptory instruction was properly refused. The State's evidence, if believed, abundantly showed defendant's guilt. Its weight was for the jury. State v. Smith, 190 Mo. 723; State v. Williams, 199 Mo. 140. (5) Instruction 4 for the State predicates all the facts set up in the statute and information, and requires the jury to find them from the evidence before finding defendant guilty. This was sufficient. State v. Miller, 93 Mo. 269; State v. Murphy, 118 Mo. 16; State v. McLaughlin, 160 Mo. 37. (6) Instructions 5, 6, 7 and 8, taken in connection with other instructions given, were without error. State v. McLaughlin, 160 Mo. 37; Clementine v. State, 14 Mo. 50; State v. Price, 115 Mo. App. 658; State v. Horn, 83 Mo. App. 50.

GANTT, P. J.—On the 8th day of February, 1908, the prosecuting attorney of Cole county filed an information, duly verified, charging defendant, under section 2201, Revised Statutes 1899, with displaying the sign of an honest occupation upon a common assignation  and bawdy house, of which defendant is charged by the information to have been the keeper.

On March the 4th, 1908, defendant made an unsuccessful application for a continuance, and the case was set for April 13, 1908. On that date defendant again applied for a continuance, alleging, as grounds, the absence of several witnesses. The court refused a continuance. Defendant was thereupon arraigned, and pleaded not guilty. A jury was empaneled, and the trial begun.

The State's evidence consisted largely of the testimony of the female inmates of the house of which defendant was shown to have been in charge, and shows, substantially, that defendant was in possession of the

two upper floors of the old City Hotel building at the northwest corner of High and Madison streets, in Jefferson City, Cole County, Missouri; and during defendant's occupancy of these premises in 1907, and the early part of 1908, a number of women of bad character and reputation roomed in the building, paying defendant a weekly rent for that privilege; that these women occupied their rooms jointly with their male friends, with defendant's knowledge and consent, charging their visitors for their favors; that defendant "made dates" for the women with male visitors, calling the women into the office when strangers applied for accommodations, officiating at introductions on such occasions and generally supervising arrangements; that he visited the rooms of the women at 10 p. m., and in case he found a man therein, required him to depart or to pay "rent" for permission to remain longer; in case the room, even at the hour mentioned, presented certain appearances of disorder, defendant both exacted his "rent," and also ejected the intruder.

The State's evidence also showed that defendant knew that these women were prostitutes, plying their trade in his house; that women other than those regularly rooming in the building, and known to defendant to be of evil repute, frequently resorted with their male admirers to defendant's hostelry, defendant having extended some of them an invitation so to do. Some incriminating letters, written by defendant, showing his knowledge of the character and evil vocation of at least one of the women he harbored, were introduced by the State.

The State's evidence tended to show that, as charged in the information, several signs with the words "Rooming House" thereon, were displayed on the exterior of the building mentioned during defendant's occupancy. At the close of the State's evidence

defendant requested the court to direct the jury to return a verdict of not guilty. The request was denied.

On his part defendant introduced evidence which tended to show that his reputation for truth, honesty, sobriety and morality in and about Ashland, New Bloomfield and Jefferson City was good. Two of defendant's witnesses restricted their testimony, as to his good reputation, to honesty. Several witnesses for defendant testified that they had been in defendant's rooming house, and that they observed nothing improper. One of these witnesses testified that he had been attracted to the place by the sign "Rooming House" thereon. Defendant testified that he enforced rules, forbidding male visitors after 10 p. m. Defendant also introduced several witnesses, who testified as to the bad reputation of most of the State's female witnesses, inmates of defendant's rooming house. In rebuttal, the State's evidence tended to show that defendant's reputation for morality in Ashland and New Bloomfield was bad.

Thereupon, the court instructed the jury, and the jury returned a verdict, assessing defendant's punishment at four years in the penitentiary. A motion for new trial was filed and overruled, judgment rendered in accordance with the verdict, and defendant has appealed.

I. The information was drawn for a violation of section 2201, Revised Statutes 1899, and is in all respects sufficient to charge an offense under that section.

II. The refusal of a continuance is assigned as error. The application named five witnesses whose testimony was desired. Three of these witnesses were present and testified on the trial. Longley, the fourth witness, was duly subpoenaed for March 4th, 1908, the date for which the trial was first set. The cause was continued and reset for April 13th, 1908. The service

of the subpoena for March 4, 1908, was sufficient to require the attendance of the witness on April 13, 1908, and he could have been attached and compelled to have attended the trial on the last-mentioned date, but no attachment was asked for him. [Secs. 2842 and 2598, R. S. 1899.] The defendant should have asked for an attachment for this witness, and failing to do so, no error was committed in refusing the continuance on account of his absence. [State v. Andrew, 76 Mo. l. c. 103.]

Moreover, Longley was wanted to testify only to the general good character of defendant at Bloomfield, before his removal to Jefferson City, and various other witnesses from that town testified in his behalf on that subject, and his testimony could only have been cumulative, and his absence is no ground for reversing the judgment. [State v. Horn, 209 Mo. l. c. 462.]

As to the remaining witness named in the application for continuance, D. C. Traxler, it appeared he was a traveling salesman. No subpoena had ever been issued for him and his address was entirely unknown on the day of the trial. He apparently had no fixed abode and it was entirely problematical whether defendant would ever be able to locate him and obtain his deposition. Besides, all that was sought from this witness was that he had stopped at this rooming house in the month of January, 1908, and he observed nothing out of the way and that defendant kept a decent, orderly and honest house.

The circuit court took the view that it was entirely too uncertain whether defendant would ever be able to locate the witness and get his evidence and that if defendant desired to assume the burden of showing his house was an honest one, many other witnesses must have been able to testify to what he proposed to show by Traxler. We think there was no error in refusing a continuance on such a showing. The granting or refusing a continuance is largely a matter of discretion

of the trial court and we find no evidence of any abuse of discretion in refusing this continuance on account of Traxler's absence.  Other witnesses testified to all he could have stated.  [State v. Kindred, 148 Mo. 282; State v. Worrell, 25 Mo. 205.]

III.  The error now assigned as to the admission of defendant's letters, written to the witness, Therasa Dashle, at Columbia, Mo., is, that they were irrelevant to the issue on trial, but no such objection was made when they were offered.  The only objection then was that they had not been shown to be in defendant's handwriting.  The witness testified she knew his handwriting and had often seen him write.  This objection was properly overruled.  But the point now made against the letters is equally untenable.  They were exceedingly pertinent to the issue and very damaging to defendant.  It would serve no good purpose to besmirch the reports of this court with their contents.

IV.  The objection that the information did not charge that any decent person was inveigled into this house by the sign displayed by defendant is without merit.  It was ruled otherwise in State v. McLaughlin, 160 Mo. 33.

V.  As to the alleged improper remarks of the prosecuting attorney, the statements preserved in the bill of exceptions are so meager that we can form little opinion as to their propriety or impropriety, but whatever the context, it is sufficient to say· that the judge who presided at once rebuked the prosecuting attorney and directed the jury to disregard them and warned him not to transgress the law, and that rebuke was not objected to as insufficient.  We are clearly of the opinion this judgment should not be reversed on this ground.  [State v. McMullin, 170 Mo. l. c. 632; State v. Baker, 209 Mo. l. c. 451.]

VI. It is insisted that the circuit court erred in permitting the several female inmates of this so-called "Rooming House" to testify that defendant both solicited and had sexual intercourse with them during the time covered by the information. The State rightly assumed that it was essential to a conviction of the defendant that the State should establish defendant's knowledge of the character of the women who were occupying his house and plying their unlawful commerce. This evidence fully established not only that he knew they were living a lewd, lascivious life in his rooms but that he was one of their customers and participating in their vice. No more pertinent and convincing evidence of his knowledge could have been adduced. The objection was properly overruled. [State v. McLaughlin, 160 Mo. l. c. 41.] This ruling applies to the assignments under points 6, 7 and 8 of the defendant's brief.

VII. As to the final proposition, that the defendant must have knowledge that his house was used for the purpose of assignation and as a bawdy house, it is sufficient to say that the information directly charged him with conducting such a house and the instructions required the jury to find that he knew of such sexual commerce therein and that he assisted in bringing together in said house persons for such illicit intercourse. [State v. Horn, 83 Mo. App. l. c. 50.]

We have been compelled to go through this entire record and it presents a most flagrant violation of the statute under which this prosecution was brought. No other verdict could have been rendered if the jury believed the overwhelming mass of testimony and it was peculiarly their province to weigh the evidence. The case was carefully tried and we see no substantial error in the record and the judgment is affirmed.

*Burgess* and *Fox, JJ.,* concur.