PAT KEY v. THE STATE.

No. 2659. Decided October 22, 1913.

**1.—Keeping Disorderly House—Ownership—Husband and Wife.**

The husband having the sole management of the wife's separate property, he is in law responsible for the character of business conducted in a house thereon.

**2.—Same—Evidence—General Reputation.**

Upon trial of keeping a disorderly house, evidence of the general reputation of the females who occupied the alleged house and that they had pleaded guilty to being common prostitutes and that defendant had gone on their bond, etc., was admissible.

**3.—Same—Evidence—Marriage.**

Where it had been conclusively proven that defendant and his alleged wife were married, no error was committed in permitting witnesses to state that she was supposed to be defendant's wife.

**4.—Same—Control of House—Husband and Wife—Separate Property.**

As the law puts the defendant in control of the separate property of his wife, and the evidence showing that they both lived on the property, no error was committed refusing a requested charge that the husband is not bound to assume control of the separate property of the wife; in the absence of any proof that he was not in control of same.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house the evidence sustained the conviction, there was no error.

Appeal from the County Court of Wichita. Tried below before the Hon. C. B. Felder.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted as the keeper of a disorderly house in Wichita Falls, Texas, and his punishment assessed at twenty days confinement in jail and a fine of $200.

It may be said that the wife of appellant was the owner of the property, under the evidence in this case, and that she owned it prior to her marriage to appellant. He and his said wife lived on the premises and the question is, could he be convicted of keeping a disorderly house, when the proof showed that his wife owned the property? Article 2969 of Sayles' Revised Statutes provides that all property of the wife, both real and personal, owned by her before the marriage, shall be the separate property of the wife, but during the marriage the husband shall have the sole management of all such property. The husband, having the sole management of the property, even though it was the separate property of the wife, he would in law be held responsible for the character of business conducted in such house, and especially is this true when appellant and his wife lived in the house and made it their home. But to take up each bill separately we may say that it was permissible to show that the wife of appellant was the owner of the property during the period covered by the information. And it was permissible to show the general reputation of those females who occupied the house with appellant and his wife, and that they had plead guilty to being common prostitutes, and appellant had gone on the bonds of such women, when arrested charged with being common prostitutes. It was also permissible to show how the house was conducted; that the female inmates sat in men's laps, etc. It was conclusively proven that May Key was the wife of appellant by his admissions and otherwise; therefore, no hurtful error was committed in permitting witnesses to state that she was "supposed to be his wife."

Inasmuch as the record discloses that appellant's wife was the owner of the premises and house, the fact that the records of the county clerk showed that appellant had no interest therein, would be immaterial. If his wife owned the property, the law placed him in charge and control thereof, especially so when he and his wife lived in the house.

As to whether the inmates of the house were common prostitutes would be a legitimate inquiry, and the confessions of such inmates that they were common prostitutes would be admissible. As to whether appellant was aware of such facts, would be a different question, but the record in this case discloses that appellant was fully aware of the character of women who lived in his house.

As the law puts appellant in control of the separate property of his

wife, in the absence of any proof that he was not in control of same, and it further appearing that appellant and his wife lived on the property, there was no error in refusing the special charges requested by appellant "that the husband is not bound to assume control of the separate property of the wife." If the record before us disclosed that appellant had not assumed control of the property, or that the wife had objected to him doing so, or that he, in fact, was not in control of the property, a different question would be presented, but in this case, the evidence shows that appellant and his wife lived on the premises and in the house, and under such circumstances, even if it was the separate property of his wife, the law places him in control of the property; therefore, there was no error in refusing the special charges requested, nor in the charge of the court in this respect.

The evidence amply supports the verdict and the judgment is affirmed.

*Affirmed.*