MATTIE CLAYBORN v. THE · STATE.

No. 8249.   Delivered April 22, 1925.

Rehearing denied June 10, 1925.

1.—Operating Bawdy House—Former Conviction—Not Sustained.

Where defendant presents a plea of former conviction, the burden is on the defendant to identify the former conviction as being the same transaction for which he is again about to be tried. A conviction for running a bawdy house in June, would be no bar to a conviction in a justice court for vagrancy, committed in the following August. and no error is presented in the assignment. Following Campbell v. State 2 Tex. Crim. App. 187 and other cases cited.

2.—Same—Information—Held Sufficient.

The omission of the word of, between the words "purpose and plying" in this information charging the operating of a bawdy house, is wholly immaterial, there being two different allegations of the constituent elements as denounced by our statute, that which charged that the appellant kept a bawdy house for prostitution being fully sustained by the evidence supports the judgment. Following Tompkins v. State, 4 Tex. C. A. 161 and other cases cited.

3.—Same—Evidence—Lewd Conduct—Admissible.

Where the charge is keeping a bawdy house, testimony of lewd conduct on the part of defendant at her home and to the effect that she and others

were seen drunk at the house in question were properly admitted. Proof of acts showing conduct of and conversations had with the inmates of the house is admissible to show the character of the place, whether the accused was present or not when such matters occurred. See page 609 Branch's Penal Code for a collation of authorities.

ON REHEARING.

4.—Same—Evidence—Lewd Conduct—Held Admissible.

Without regard to the interpretation of the case of Nicholas v. State, 170 S. W. 304, this court now reiterates our holding in the original opinion of this case that on a trial charged with keeping a bawdy house, the lewd conduct of the accused in such house is properly admissible in evidence. See State v. Olds, 217 Mo. 305 and cases cited in opinion on rehearing.

Appeal from the County Court of Wichita County at Law. Tried below before the Hon. Guy Rogers, Judge.

Appeal from a conviction for operating a bawdy house; penalty, a fine of $200.00 and twenty days in jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the County Court Wichita County for the offense of operating a bawdy house and her punishment assessed at a fine of $200.00 and twenty days in jail.

Appellant's first complaint is as to the action of the court in overruling what is termed her "Plea in Abatement". This pleading was nothing more nor less than a plea of former conviction. Appellant was convicted on the second count in an information which charged her with occupying, controlling and keeping a bawdy house in Wichita County on or about the 30th day of June, A. D. 1923, and the testimony introduced in support of this charge shows conclusively that all the facts testified to concerning it occurred within two years prior to that time. The record also shows that on the 27th day of August, 1923, appellant was charged in the justice court of Wichita county with the offense of vagrancy, alleged to have been committed on or about the 27th day of August, 1923, and that she pleaded guilty to said offense and paid a fine as punishment therefor.

The burden is on the defendant to identify the former conviction as being the same transaction for which he is again about to be tried. Campbell v. State, 2 Tex. Cr. App. 187; Taylor v. State, 4 Tex. Crim. App. 29; Creech v. State, 158 S. W. 277.

We know of no authority that holds that a party may not be convicted for running a bawdy house in June and for vagrancy com-

mitted in the following August. The transactions are not at all identical in point of time, and appellant's assignment raising this matter is therefore overruled.

By bill of exception No. 2 appellant complains of the insufficiency of the count in the information on which she was convicted. Said count charges that "she did unlawfully occupy and control and keep and was then and there concerned in keeping and did then and there aid and assist and abet in keeping a bawdy house there situate, the said house being then and there a house kept for prostitution and being then and there a house where prostitutes were then and there permitted to resort and reside for the purpose plying their vocation." The exact complaint is that the word "of" is left out between the words "purpose" and "plying". Appellant cites many authorities which show that the court may not supply a necessary word in an indictment, and were this word necessary to charge an offense in this case the authorities would be in point. The statute under which the information was filed, however, provides that a bawdy house is one kept for prostitution or where prostitutes are permitted to resort or reside for the purpose of plying their vocation, and the mere fact that the information attempts to charge each of these things conjunctively does not make it necessary, to sustain a conviction or the validity of the information, for each conjunctive thing to be correctly charged; but if either of them is correctly charged and the one correctly charged is proved, this will be sufficient. The State having alleged that the appellant kept a bawdy house for prostitution, and the evidence sustaining this charge, this is held to be sufficient. Tompkins v. State. 4 Tex. Cr App. 161; Schulze v. State, 56 S. W. 918; Cabiness v. State, 146 S. W. 934; Billing v. State, not yet reported.

By various bills of exceptions appellant complains of the action of the court in permitting witnesses to testify to lewd conduct on the part of defendant at her home and to the effect that she and others were seen drunk at the house in question. Mr. Branch correctly states the rule with reference to this character of testimony as follows:

"Proof of acts showing conduct of and conversations had with the inmates of the house is admissible to show the character of the place, whether the accused was present or not when such matters occurred."

It has also been held that the State may prove that the defendant sold beer at such house, and proof has also been held to be admissible that beer was kept and drunk at the house in question, when any of these things tend to show the character of the house. The testimony complained of was clearly admissible. See page 609, Branch's Penal Code, for a collation of authorities on this question.

We have considered each of the appellant's assignments; and, finding no error therein, it is our opinion that the judgment should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Upon the authority of Riley v. State, 58 Texas Crim. Rep. 176, and Nichols v. State, 170 S. W. Rep. 304, appellant insists that in receiving testimony touching the lewd conduct of the appellant at the house in question, there was error committed.

In the present case, there is much evidence that the house in question was frequented by prostitutes and was used by them in pursuing their vocation. It is believed that under such circumstances the receipt of evidence showing the lewd conduct of the accused at the house was not improperly received. Her knowledge of the character of the house was the subject of proof by either direct or circumstantial evidence. If she was the only inmate, the fact that she plied her vocation as a prostitute would not be sufficient under the statute to establish the character of the house. nevertheless, if she and other inmates of the house could be shown by circumstances or otherwise to be common prostitutes plying their vocation, it seems to us incompatible with the rules of evidence and the precedents that evidence of her acts would be inadmissible. In our own state the decision of the exact question has not come to our attention, unless the majority opinions in the Nichols case, *supra,* are so interpreted. In other states, however, there are numerous instances where the ruling has been in accord with that of the trial court in the present case and of this court on appeal. See State v. Olds, 217 Mo. 305, 116 S. W. Rep. 1080; Harwood v. People, 26 N. Y. 190; Jones v. State, 10 Okla, Cr. 79, 133 Pac. 1134. Analogous cases are Forbes v. State, 35 Tex. Cr. Rep. 24; Farris v. State, 74 Tex. Crim. Rep. 607; Key v. State, 71 Texas Crim. Rep. 485; Hickman v. State, 59 Texas Crim. Rep. 89; Graeter v. State, 105 Ind. 271; State v. Wells, 46 Iowa 662. The Texas case of Nichols, *supra,* it a little difficult to analyze owing to the fact that there were three opinions. However, if we understand the case, the majority held that the evidence that the woman who was accused of committing the offense had been seen in compromising positions with men in the house was properly received.

The motion for rehearing is overruled.

*Overruled.*