Carter Lindsay v. The State.

No. 11287.   Delivered April 25, 1928.
Rehearing denied June 23, 1928.

The opinion states the case. .

*L. D. Griffin* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Appellant was charged by indictment with having information that premises which he owned were being used and kept as a bawdy house. He was convicted and his punishment assessed at a fine of two hundred dollars and confinement in the county jail for 20 days.

Appellant admitted the ownership of the house in question. He testified that he had leased the house to Nell Williams and that he had no knowledge that said place had been conducted as a bawdy house. Witnesses for the state testified to acts of sexual intercourse with female inmates of the house. State's witnesses further testified that said house bore the general reputation of being a bawdy house. Appellant maintained a room in the house which he at times occupied. He was present on an occasion when a difficulty arose between the proprietress and some men who had been drinking and aided in evicting one of the men from the house. Complaint charging Nell Williams with operating a bawdy house had been filed and appellant signed her appearance bond as surety.

We deem the evidence sufficient to warrant the conclusion that appellant had knowledge that the place was being conducted as a bawdy house.

Bill of exception Number 2 deals with the action of the court in permitting a witness for the state to testify that while visiting the house appellant came into his room at the request of Nell Williams for the purpose of removing him from the house, and that during the difficulty which ensued appellant hit at him with a six-shooter. Appellant's knowledge of the character of the house was a controverted issue. The testimony objected to was relevant and material as bearing on such issue.

We are unable to agree with appellant that the court erred in permitting the state to prove that he (appellant) signed the appearance bond of Nell Williams. As proprietess of the house Nell Williams had been charged with operating a bawdy house. Appellant's act in signing the bond was admissible as a circumstance tending to show his knowledge of the character of the house. Key v. State, 160 S. W. 354.

Appellant objected to the testimony of one of the state's witnesses who testified to the general reputation of the house in question, his

ground of objection being that it was not shown that the witness knew what constituted a bawdy house. There are no facts in the bill showing that the witness was not in possession of sufficient knowledge to afford a predicate for his testimony.

Appellant admits in his brief that the matter complained of in bill of exception Number 5 occurred on the trial of Nell Williams and not on the instant trial. We have therefore not undertaken to discuss the question presented by said bill.

The record discloses that there were buzz bells in several rooms of the building. The county attorney stated in argument to the jury that there was a buzz bell in every room for the purpose of "putting the officers off, to keep them from finding anything out." Appellant objected to the remarks of the county attorney and requested the court to instruct the jury to disregard them for the reason that there was no evidence showing that there were buzz bells in every room in the house. The court refused to comply with appellant's request. The county attorney may have in his zeal exaggerated the testimony. However, we are unable to agree with appellant that his remarks would warrant a reversal of the case. In the light of the record we are of the opinion that they were harmless.

We have only undertaken to discuss the matters presented by appellant in oral argument. However, we have examined all of appellant's contentions and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We think sufficient justification set up for the failure to file this motion within the fifteen days allowed by statute.

The matters complained of were passed upon by us in our original opinion. The charge against appellant was running a disorderly house. The indictment herein was returned February 23, 1927. We think it not erroneous for the court to allow in evidence two bail bonds made in January by the woman who had charge of the house in question, upon which bail bonds this appellant appeared as surety. The State had the right upon the trial of this case to take into consideration any facts offered prior to the return of the indictment

which legitimately showed appellant's knowledge of or interest in the running of said bawdy house upon his premises.

The bill of exceptions complaining of the introduction of testimony given by the witness Sturdivant wholly fails to show the surrounding facts shedding light upon the materiality of the testimony complained of. An examination of the statement of facts shows that the testimony complained of was material. Sturdivant was an officer and found in the house and upon the premises, claimed to be run as a bawdy house, a drunken man whose actions and conduct were pertinent. The testimony showed that appellant was on and around the premises either immediately at that time or shortly thereafter. We find no error in the charges complained of. The learned trial judge fully protected the rights of appellant in the charge given.

Being unable to agree with the contentions made, the motion for rehearing is overruled.

*Overruled.*